**IN THE UNITED BANKRUPTCY COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: | * | Case No. |
| | * | |
| MARKET STREET PROPERTIES, LLC | * | 09-14172 |
| | * | SECTION "A" |
| DEBTOR | * | |
| | * | |
| MARKET STREET PROPERTIES | * | ADVERSARY NO. |
| PALM BEACH, LCC, ET AL | * | |
| PLAINTIFFS | * | 10-1066 Sec. "A" |
| | * | |
| VERSUS | * | |
| | * | |
| NOLA DEVELOPMENT PARTNERS, LLC, ET AL | * | |
| | * | |
| DEFENDANTS | * | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
FOR INSUFFICIENT SERVICE OF PROCESS,
LACK OF PERSONAL JURISDICTION, FAILURE TO JOIN AN
INDISPENSABLE PARTY AND FAILURE TO STATE A CLAIM**

Defendants NOLA Development Partners, LLC, NOLA Development Partners I, LLC, John M. Mannone, Adam Swickle, Michael Prendergast, Market Street New Orleans Investors, LLC, Market Street New Orleans Investors 2, LLC, Nachmen Enterprises, LLC, FYI Enterprise, LLC and Leonard Epstein move to dismiss Plaintiffs' Complaint on the following grounds:

I.

Defendants, Adam Swickle, Leonard Epstein, FYI Enterprise, LLC, Michael Prendergast, Market Street New Orleans Investors, LLC, Market Street New Orleans Investors 2, LLC, Nachmen Enterprises, LLC, NOLA Development Partners, LLC, and

1

NOLA Development Partners I, LLC, move the court to dismiss for insufficient service of process under Rule 12(b)(5) of the Federal Rules of Civil Procedure.

Upon information and belief, those Defendants were not validly served pursuant to Rule 4(e) or 4(h) of the Federal Rules of Civil Procedure. The burden of proving the validity of service is on "the party on whose behalf [service] is made." *Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design, Inc.,* 635 F.2d 434, 435, (5th Cir. 1986); See also *Familia de Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1139 (5th Cir. 1980).

II.

Defendants, Leonard Epstein and Michael Prendergast, move the court to dismiss for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure. Defendants lack "meaningful 'contact, ties, or relations'" with the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985), quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945). A federal court may exercise personal jurisdiction over a nonresident defendant only when: (1) the long-arm statute of the forum state confers personal jurisdiction over that defendant; and (2) exercise of such jurisdiction by the forum state is consistent with due process under the United States Constitution. *See Omni Capital Int'l v. Rudolf Wolff & Co.,* 484 U.S. 97, 102-104 (1987).

Although the defendant is the moving party on a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction exists. *Clark v. America's Favorite Chicken Co.,* 980 F. Supp. 390, 395 (E.D. La. 1995). The parties identified do not reside in Louisiana, have no property in Louisiana, own no

businesses in Louisiana and have contacts with the State of Louisiana that are too transient to support the assertion of personal jurisdiction over them in this State.

### III.

Defendants NOLA Development Partners I, LLC, NOLA Development Partners, LLC, John M. Mannone, Adam Swickle, and Michael Prendergast [hereinafter collectively Defendants as to Count 1] move the court to dismiss Count 1 of plaintiffs petition for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. "To survive a Rule 12(b)(6) motion, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F. 3d 191 (5th Cir. 2007 (quoting *Bell Atlantic Corp. v. Twombly* 550 U.S. 544, 570 (2007))).

Federal Rule of Civil Procedure 9(b) requires that when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The Fifth Circuit requires the plaintiff specify (1) the alleged fraudulent statements, (2) the speaker, (3) when the statements were made, (4) where the statement was made, and (5) why the statements were fraudulent. *Flaherty & Crumrine Preffered Income Fund, In., v. TXU Corp.*, 565 F.3d 200, 209 (5th Cir. 2009); *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997); *Nathenson v. Zonagen, Inc.*, 267 F.3d 400, 412 (5th Cir. 2001). " 'In cases concerning fraudulent misrepresentation and omission of facts, Rule 9(b) typically requires the claimant to plead the type of facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made the representations misleading.' " *Carroll v.*

3

*Fort James Corp.,* 470 F.3d 1171, 1174 (5th Cir.2006), *quoting United States ex. rel. Riley v. St. Luke's Episcopal Hosp.,* 355 F.3d 370, 381 (5th Cir.2004).

In Count 1 of the petition, plaintiffs allege bad faith, fraud, and breach of fiduciary duty by Defendants as to Count 1. Plaintiffs only make broad general accusations about the misconduct of the Defendants as to Count 1. Plaintiffs do not state specifically what the fraudulent statements or omissions were, who in particular made or omitted the statements, when or where the statements were made or should have appeared, or why they were fraudulent or misleading. Instead, plaintiffs do not allege any facts that show that Defendants as to Count 1 (1) could not have had a reasonable belief prior to and during the execution of the contract between the parties that they lacked the ability to secure funding and failed to disclose this information to the plaintiffs; (2) committed fraud and fraud in the inducement to plaintiffs damage, including precluding their ability to secure funding to serve the debt of the property.

Because plaintiffs failed to state a claim on which relief can be granted, the Court should dismiss Court 1 of plaintiffs' complaint.

V.

In the alternative, Defendants NOLA Development Partners I, LLC, NOLA Development Partners, LLC, John M. Mannone, Adam Swickle, and Michael Prendergast [hereinafter collectively Defendants as to Count 1] similarly move the court to dismiss Count 1 of plaintiffs petition for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure for lack of standing. Plaintiffs lack capacity to directly assert claims that belong to the Debtor, Market Street Properties, LLC.

Plaintiffs' claims in Count 1 include breach of fiduciary duties, fraud, failure to disclose, and misrepresentation are derivative in nature and belong to Market Street Properties, LLC. Because the parties were members in Market Street Properties, LLC, a Louisiana entity, Louisiana law will apply to determine whether plaintiffs have standing. In Louisiana, a shareholder has no separate or individual right of action against third persons for wrongs committed against or causing damage to the corporation. *Glod v. Baker*, 851 So. 2d 1255, 1265 (La. App. 3. Cir. 2003); see also *Orlando v. Nix,* 129 So. 810 (La. 1930); *Dawkins v. Mitchell,* 90 So. 396 (La. 1922). Louisiana courts have stated that the fiduciary duties owed by members of an LLC are the same as those owed by officers of a corporation. *Bryan D. Scofiled, Inc. v. Susan A. Daigle, Ltd*., 999 So. 2d 311 (La. App. 3 Cir. 2008). As such, case law analyzing shareholders in a corporation can also be applied to members in a limited liability company.

A shareholder "does not generally have the right to sue personally for alleged losses sustained by the corporation due to mismanagement and/or a breach of fiduciary duties." *Thornton ex rel. Laneco Const. Systems, Inc. v. Lanehart*, 723 So. 2d 1127, 1131 (La. App. Ct. 1 Cir. 1998); See also *Crochet v. Cisco Systems, Inc.*, 847 So. 2d 253 (La. App. 3 Cir. 2003); *Palowsky v. Permier Bancorp, Inc.* 597 So. 2d 543, 545 (La. App. Ct. 1 Cir. 1992). Count 1 of plaintiffs' petition alleges that the defendants' bad faith and fraudulent activities thwarted efforts to secure funding to develop property owned by Market Street Properties, LLC. This inability to secure funding allegedly damaged Market Street Properties, LLC. Plaintiffs do not seek to vindicate any right held by them personally as members of Market Street Properties, LLC (e.g. voting rights). As such, plaintiffs do not have a personal right to recover.

Because, absent special circumstances, shareholders do not have a personal right to sue to recover for acts committed against or damaging the corporation, plaintiffs do not have standing to bring claims that belong to Market Street Properties, LLC against Defendants as to Count 1. Rather, plaintiffs' claim is derivative in nature and can only be made in a representative capacity on behalf of the Debtor, Market Street Properties, LLC.

Further, even if plaintiffs' had properly brought the actions in a representative capacity on behalf of Market Street Properties, LLC, as debtor-in-possession, Market Street Properties, LLC is the only party with standing to bring an action belonging to the estate. Once a bankruptcy petition has been filed, derivative claims become property of the debtor's estate. 11 U.S.C. §541(a)(1); See *In re Equinox Oil Co., Inc.* 300 F.3d 614, 618 (5th Cir. 2002); *United Sates v. Whiting Pools, Inc*. 462 U.S. 198, 204-05 (1983). "While normally [a] fiduciary obligation is enforceable directly by the corporation, or through a stockholder's derivative action, it is, in the event of bankruptcy of the corporation, enforceable by the trustee." *Pepper v. Litton,* 308 U.S. 295, 307 (1939). Under 11 U.S.C.§1107(a), a debtor-in-possession in a Chapter 11 bankruptcy has all the rights functions, and duties of a trustee other than the right to compensation. 11 U.S.C. §1107(a); *In re CompuAdd Corp*., 137 F.3d 880, 882-83 (5th Cir. 1998). A debtor-in-possession has authority to bring an action for damages on behalf of the debtor corporation for mismanagement and breach of fiduciary duty when the debtor, prior to bankruptcy, could have asserted the action. *Louisiana World Exposition v. Federal Ins. Co*. 858 F.2d 233, 346 (5th Cir. 1988); see also *Caplin v. Marine Midland Grace Trust Co.*, 406 U.S. 416, 428-29 (1972). Thus, a trustee, and therefore a debtor-in-possession,

6

is the only party with standing to prosecute claims of action belonging to the estate once the bankruptcy petition has been filed.

As stated above, plaintiffs, in their direct capacity, are seeking to assert a claim that belongs to the Debtor, Market Street Properties, LLC. On December 23, 2009, Market Street Properties, LLC filed for Chapter 11 reorganization under U.S. Bankruptcy laws. All actions for breach of fiduciary duties, fraud, failure to disclose, and misrepresentation that properly belonged to Market Street Properties, LLC became property of the Debtor estate. As debtor-in-possession, Market Street Properties, LLC is the only party with standing to prosecute these derivative claims without first obtaining the court's permission.

Additionally, pursuant to 11 U.S.C. §362 of the U.S. Bankruptcy Code, when Market Street Properties, LLC filed for Chapter 11 reorganization under U.S. Bankruptcy laws on December 23, 2009, a stay was imposed on all claims by or against Market Street Properties, LLC. 11 U.S.C. §362(a)(3) provides an automatic stay of "any act to obtain possession of the property of the estate or of property from the estate." As previously stated, derivative claims become property of the estate once a bankruptcy petition has been filed. 11 U.S.C. §541(a)(1). Thus, even if the claim were legitimately asserted as a derivative claim, asserting it without leave of court violates the automatic stay.

Therefore, plaintiffs cannot bring a claim belonging to the debtor, Market Street Properties, LLC, on their own behalf. Market Street Properties, LLC, as debtor-in-possession, has the sole authority to assert derivative claims that belong to the debtor estate. Further, even if plaintiffs' claim was properly asserted as a derivative claim, asserting it without leave of court violates the automatic stay.

7

VI.

Defendants NOLA Development Partners I, LLC, NOLA Development Partners, LLC, John M. Mannone, Adam Swickle, and Michael Prendergast [hereinafter collectively Defendants as to Count 1] also move to dismiss plaintiffs allegations of duress and vitiation of contract under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

Pursuant to Louisiana Civil Code article 1959, "[c]onsent is vitiated when it has been obtained by duress of such a nature as to cause a reasonable fear of unjust and considerable injury to a party's person, property, or reputation." Duress results when "a person makes an improper threat that induces a party who has no reasonable alternative to manifest his assent. The result of this type of duress is that the contract that is created is voidable by the victim." La. Civ. Code art. 1959, official comment (b). Plaintiffs allege that the bad acts of the Defendants as to Count 1 caused plaintiffs duress, forcing them to amend the Operating Agreement. However, plaintiffs fail to allege any threats made by any of the Defendants as to Count 1. Instead, plaintiffs simply claim that Defendants as to Count 1 failed to fulfill the contractual obligations they were bound to perform, resulting in "dire financial circumstances" and subsequent default "of its financial obligations," which caused plaintiffs to do things they would not otherwise have done.

However, mere "economic stress" is inadequate to support a claim for rescission where the duress alone does not threaten to deprive them of the ability to conduct business. In *Wolf v. Louisiana State Racing Com'n*, the Louisiana Supreme Court recognized a claim for economic duress. *Wolf v. Louisiana State Racing Com'n*, 545 So. 2d 976 (La. 1989). In *Wolf*, the Court states that economic duress could be found because in order to participate in the race, jockeys

8

had to sign an employment contract. *Id.* Failure of the jockeys to sign the employment contract would bar the "jockeys from practice of their livelihood." *Id.; see also Martco Partnership v. Frazier,* 01-72 (La. App. 3 Cir. 2001), 787 So.2d 1196, 1199.

Plaintiffs do not claim the level of economic deprivation required to vitiate consent for economic duress. In *Averette v. Industrial Concepts, Inc.*, the court found that while the Averettes suffered economic duress, the duress did not arise from any circumstances that included "improper threats." 673 So. 2d 632 (La. App. 1 Cir. 1996). Plaintiffs were not going to lose their livelihoods for failing to sign the amended Operating Agreement. Plaintiffs do not allege any facts claiming they did not have ample time to review the Operating Agreement or seek other possible alternatives. Plaintiffs do not allege any threats. Plaintiffs merely claim economic stress, allegedly arising from "the acts of Defendants in Count 1 in failing to fulfill the contractual obligations it/they were bound to perform, thus rendering the project/property in absolute dire financial circumstances, and subsequently in default of its financial obligations, and causing MS Palm Beach's Member to do that which it/she would never have done but for the circumstances created by Defendants as to Count 1's bad acts." Courts in Louisiana have stated "the claim of financial straits does not give rise to duress." *Hoover v. Boucvalt*, 747 So. 2d 1227 (La. App. 4 Cir. 1999). Plaintiffs have failed to state a claim based upon their allegations of economic stress. Accordingly, Plaintiffs' allegations of duress and vitiation of contract in Count 1 should be dismissed.

VII.

The Plaintiff has not alleged any factual basis to support a claim for piercing the corporate veil and has failed to identify a justiciable controversy in connection with any such claim. "Louisiana courts have indicated that the corporate veil should be pierced when

9

adherence to the corporate fiction would clearly result in inequity." *Huard v. Shreveport Pirates, Inc.*, 147 F.3d 406, 409 (5th Cir. 1998). In order to pierce the corporate veil, plaintiff must show that the corporation is simply the "alter ego" of the shareholder or that "the shareholders disregard the requisite corporate formalities to the extent that the corporation ceases to be distinguishable from its shareholders." *Riggins v. Dixie Shoring Co., Inc.* 590 So. 2d 1164, 1167 (La. 1991). Plaintiffs have failed to allege facts supporting a finding that NOLA Development Partners I, LLC and NOLA Development Partners, LLC were the "alter ego" of one another or that corporate formalities were not present. Moreover, plaintiffs fail to assert facts sufficient to identify a justiciable controversy regarding the question of corporate separateness as between NOLA Development Partners I, LLC, NOLA Development Partners, LLC, John M. Mannone, Adam Swickle, and Michael Prendergast because they fail to allege any facts as to the misconduct by the corporate entities. Therefore, plaintiffs have failed to state a cause of action for piercing the corporate veil and Count 1(a) of the plaintiffs petition should be dismissed.

## Conclusion

For all of the foregoing reasons, the Petition filed against Defendants, NOLA Development Partners, LLC, NOLA Development Partners I, LLC, John M. Mannone, Adam Swickle, Michael Prendergast, Market Street New Orleans Investors, LLC, Market Street New Orleans Investors 2, LLC, Nachmen Enterprises, LLC, FYI Enterprise, LLC and Leonard Epstein, should be dismissed, with prejudice, and at plaintiffs' cost, reserving any claims available to those Defendants.

Respectfully submitted,

/s/ *Kirk Reasonover*

KIRK REASONOVER (#21039)
REASONOVER & OLINDE
400 Poydras Street, Suite 1980
New Orleans, Louisiana 70130
Telephone: (504) 587-1440
*Attorneys for NOLA Development Partners, LLC, NOLA Development Partners I, LLC, John M. Mannone, Adam Swickle, Michael Prendergast, Market Street New Orleans Investors, LLC, Market Street New Orleans Investors 2, LLC, Nachmen Enterprises, LLC, FYI Enterprise, LLC and Leonard Epstein*