## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF LOUISIANA

IN RE:

BANKRUPTCY NO. 09-14172

MARKET STREET PROPERTIES, LLC

SECTION "A"

DEBTOR

CHAPTER 11

---

MARKET STREET PROPERTIES
PALM BEACH, ET AL

VERSUS                                          ADV. NO. 10-1066

NOLA DEVELOPMENT PARTNERS,
    LLC, ET AL

### MARKET STREET PROPERTIES, LLC'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, CROSS CLAIMS, COUNTER-CLAIMS, AND RESERVATION OF RIGHTS RELATING TO OTHER CROSS- AND COUNTER-CLAIMS TO PLAINTIFFS' COMPLAINT

Defendant, Market Street Properties, LLC (*"MSP"* or *"Debtor"*), appearing herein through undersigned counsel, answers the Petition for Damages, Breach of Contract, Fraud, Misappropriation of Funds, Breach of Fiduciary Duties, Accounting, to Pierce the Corporate Veil and for Declaratory Judgment and/or Relief for Trial by Jury (the *"Complaint"*) filed the Market Street Properties Palm Beach, LLC, et al, (the *"Plaintiffs"*) herein as follows:

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted and is subject to dismissal pursuant to Fed. R. Civ. Proc. R. 12(b)(6).

### Second Affirmative Defense

The Plaintiffs lack standing to raise any of the claims asserted in the Complaint.

### Third Affirmative Defense

The Plaintiffs claims are barred by the doctrine of unclean hands insofar as the Plaintiffs seek

equitable relief, but have engaged in misconduct and/or acted in bad faith.

### Fourth Affirmative Defense

The Plaintiffs' claims are barred by the doctrines of estoppel and/or waiver.

### Fifth Affirmative Defense

MSP reserves any and all rights to assert any and all further affirmative defenses arising

under applicable law.

## ANSWER TO SPECIFIC ALLEGATIONS OF THE COMPLAINT

**IN FURTHER DEFENSE**, MSP responds to the specific allegations in the Complaint as

follows:

### Count 1

The allegations raised in Count 1 of the Complaint are not directed to MSP, and therefore,

require no response. However, in the event a response is required, or to the extent that MSP's rights

or other interests are implicated therein, MSP specifically denies all allegations raised in Count 1

for lack of sufficient information to justify a belief therein.

### Count 1(a)

The allegations raised in Count 1(a) of the Complaint are not directed to MSP, and therefore,

require no response. However, in the event a response is required, or to the extent that MSP's rights

or other interests are implicated therein, MSP specifically denies all allegations raised in Count 1(a)

for lack of sufficient information to justify a belief therein.

2

## Count 2

The allegations raised in Count 2 of the Complaint are denied, save to admit that MSP is a limited liability corporation organized under the laws of the state of Louisiana, and with its principal place of business bearing municipal address 201 St. Charles Avenue, Suite 3100, New Orleans, Louisiana.

MSP specifically denies the allegation that the Plaintiffs have standing to seek a full and complete accounting of its funds from it.

Furthermore, to the extent the allegations raised in Count 2 of the Complaint are not directed to MSP, they therefore require no response. However, in the event a response is required, or to the extent that MSP's rights or other interests are implicated therein, MSP specifically denies all allegations raised in Count 2 for lack of sufficient information to justify a belief therein.

## Count 3

The allegations raised in Count 3 of the Complaint are not directed to MSP, and therefore, require no response. However, in the event a response is required, or to the extent that MSP's rights or other interests are implicated therein, MSP specifically denies all allegations raised in Count 3 for lack of sufficient information to justify a belief therein.

## Claim in Offset

The Claim in Offset is only raised against the Count 1 defendants and is not directed at MSP, and therefore requires no response. However, in the event a response is required, or to the extent that MSP's rights or other interests are implicated therein, MSP specifically denies all allegations raised in the Claim in Offset for lack of sufficient information to justify a belief therein.

## Jurisdiction, Venue, Article 893 Assertion & Jury Demand

The allegations raised in the Jurisdiction, Venue, Article 893 Assertion & Jury Demand

3

count are denied in full. MSP has already challenged these provisions through the removal of this matter into federal court pursuant to the bankruptcy proceedings in Bankr. Case No.:09-14172, for the reasons established in the Notice of Removal (*P-1*).

## CROSS-CLAIMS AGAINST MARKET STREET PROPERTIES MIAMI, LLC, MARKET STREET PROPERTIES (MIAMI), LLC, AND MICHAEL SAMUEL

1.

Made defendant herein is Market Street Properties Miami, LLC, a limited liability company organized laws of the State of Florida, and with its principal place of business at 3110 NE 2nd Avenue, Miami, Florida.

2.

Made defendant herein is Market Street Properties (Miami), LLC, a limited liability company organized under the laws of the State of Louisiana, and with it principal place of business at 201 St. Charles Avenue, Suite 3100, New Orleans, Louisiana.

3.

Made defendant herein is Michael Samuel, a person of the full age of majority and a resident of and domiciled in the State of Florida, County of Dade.

4.

Michael Samuel, individually and through Market Street Properties Miami, LLC and Market Street Properties (Miami), LLC (collectively "*Cross Defendants*"), acted as manager of certain funds of MSP and was and remains in possession of the books and records of MSP.

5.

On or about May 28, 2009, the Michael Samuel resigned as manager of the Management Committee of MSP and as Member Representative on the Management Committee of MSP for

4

Market Street Properties Miami, LLC.

6.

Despite repeated demands by MSP to the Cross Defendants to turnover the books and records of MSP, the Cross Defendants have failed to relinquish control over the books and records of MSP.

7.

The failure of the Cross Defendants to turnover the books and records of MSP have caused MSP to incur expenses and damages.

8.

The Cross Defendants are liable to MSP for (a) turnover of the books and records of MSP; (b) all expenses and damages for failure to turnover the books and records of MSP; and (c) for a full and complete account of all funds of MSP.

## COUNTER-CLAIM AGAINST MARKET STREET PROPERTIES PALM BEACH, LLC, TCHOUPITOULAS INVESTORS ONE, LLC,1544 TCHOUPITOULAS STREET, LLC, AND 1556 TCHOUPITOULAS STREET, LLC

9.

Made counter-defendant herein is Market Street Properties Palm Beach , LLC, a limited liability company organized laws of the State of Florida, and with its principal place of business at 164 Seminole Avenue, Palm Beach, Florida.

10.

Made counter-defendant herein is Tchoupitoulas Investors One, LLC, a limited liability company organized under the laws of the State of Louisiana, and with its principal place of business at 828 Royal Street, New Orleans, Louisiana.

5

11.

Made counter-defendant herein is 1544 Tchoupitoulas Street, LLC, a limited liability company organized under the laws of the State of Louisiana, and with its principal place of business at 828 Royal Street, New Orleans, Louisiana.

12.

Made counter-defendant herein is 1556 Tchoupitoulas Street, LLC, a limited liability company organized under the laws of the State of Louisiana, and with its principal place of business at 828 Royal Street, New Orleans, Louisiana. Collectively, Market Street Properties Palm Beach, LLC, Tchoupitoulas Investors One, LLC, 1544 Tchoupitoulas Street, LLC, and 1556 Tchoupitoulas Street, LLC, are referred to hereinafter as "*Counter-defendants*."

13.

Upon information and belief, the Counter-defendants received and/or otherwise have knowledge regarding the management and receipt of certain funds of MSP.

14.

The Counter-defendants are liable to MSP for a full and complete account of all funds of MSP.

## MSP'S RESERVATION OF OTHER CROSS-CLAIMS AND COUNTERCLAIMS

15.

MSP is the recognized Debtor in the above captioned bankruptcy proceeding, Case No. 09-14172, filed before this Court in the United States Bankruptcy Court for the Eastern District of Louisiana. As such, MSP reserves and does not waive any and all rights to file any and all other cross-claims and counterclaims, including compulsory claims, against the Plaintiffs, Cross Defendants, or any other parties to the above matter or, in the alternative, to pursue such claims

6

through one or more separate adversary proceedings.

**WHEREFORE**, MSP having fully responded to the allegations of the Complaint, requests that this Court (i) find in favor of MSP, dismissing the Complaint as to it; (ii) enter judgment against the Cross Defendants, ordering turnover of the books and records of the Debtor, awarding damages for the failure to turnover those books and records, and directing the Cross Defendants to produce a full and complete accounting of all funds of MSP; (iii) enter judgment against the Counter-defendants and directing the Counter-defendants to produce a full and complete accounting of all funds of MSP; (iv) acknowledge MSP's reservation of rights to file its cross-claims and counter-claims in this matter at a later date; and (v) for all other general and equitable relief to which it may be entitled.

Respectfully submitted,

LUGENBUHL, WHEATON, PECK,
  RANKIN & HUBBARD

_____
STEWART F. PECK (#10403)
CHRISTOPHER T. CAPLINGER (#25357)
BENJAMIN W. KADDEN (#29927)
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195
Email: speck@lawla.com ; ccaplinger@lawla.com;
        bkadden@lawla.com;
*Attorneys for Market Street Properties, L.L.C.*